# Exhibit

# 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:20-CR-39-WKW-SRW |
| | ) | |
| ROCKY SHAY FRANKLIN | ) | |

## PLEA AGREEMENT

## I. BACKGROUND INFORMATION

**A. Attorneys**

Defense Attorney:               Christine Freeman

Assistant United States Attorney:     J. Patrick Lamb

**B. Counts and Statutes Charged**

Count 1:       18 U.S.C. § 2251(a) – Sexual Exploitation of a Child

Count 2:       18 U.S.C. § 2251(a) – Sexual Exploitation of a Child

Count 3:       18 U.S.C. § 2251(d) – Advertising Child Pornography

Count 4:       18 U.S.C. § 2252A(a)(2) – Distribution of Child Pornography

Count 5:       18 U.S.C. § 2252A(a)(2) – Distribution of Child Pornography

Count 6:       18 U.S.C. § 2252A(a)(4)(B) – Sale of Child Pornography

Count 7:       18 U.S.C. § 2252A(a)(1) – Transportation of Child Pornography

Count 8:       18 U.S.C. § 2252A(a)(5)(B) – Possession of Child Pornography

**C. Counts Pleading Pursuant to Plea Agreement**

Count 1:       18 U.S.C. § 2251(a) – Sexual Exploitation of a Child

Count 2:       18 U.S.C. § 2251(a) – Sexual Exploitation of a Child

Count 3:       18 U.S.C. § 2251(d) – Advertising Child Pornography

Count 4:        18 U.S.C. § 2252A(a)(2) – Distribution of Child Pornography

Count 5:        18 U.S.C. § 2252A(a)(2) – Distribution of Child Pornography

**D.      Statutory Penalties**

Count 1:        18 U.S.C. § 2251(a) – Sexual Exploitation of a Child
Count 2:        18 U.S.C. § 2251(a) – Sexual Exploitation of a Child

A term of imprisonment of not less than 15 years and not more than 30 years; a fine of not more than $250,000 or twice the value of the property involved in the transaction, whichever is greater, or both the fine and imprisonment; a term of supervised release of not less than five years and not more than life; a mandatory special assessment fee of $100 per count under 18 U.S.C. § 3013; an assessment of $5,000 per count under 18 U.S.C. § 3014; an assessment, pursuant to 18 U.S.C. § 2259A, of not more than $50,000 for conduct occurring after December 7, 2018; and an order of restitution.

Count 3:        18 U.S.C. § 18 U.S.C. § 2251(d) – Advertising Child Pornography

A term of imprisonment of not less than 15 years and not more than 30 years, a fine of not more than $250,000 or twice the value of the property involved in the transaction, whichever is greater, or both the fine and imprisonment; a term of supervised release of not less than five years and not more than life; an assessment fee of $100 per count under 18 U.S.C. § 3013; an assessment of $5,000 per count under 18 U.S.C. § 3014; an assessment, pursuant to 18 U.S.C. §2259A, of not more than $35,000; an order of restitution, including mandatory restitution under 18 U.S.C. § 2259 of not less than $3,000 per victim.

Count 4:        18 U.S.C. § 2252A(a)(2) – Distribution of Child Pornography
Count 5:        18 U.S.C. § 2252A(a)(2) – Distribution of Child Pornography

A term of imprisonment of not less than 5 years and not more than 20 years, a fine of not more than $250,000 or twice the value of the property involved in the transaction, whichever is greater, or both the fine and imprisonment; a term of supervised release of not less than five years and not more than life; a mandatory assessment fee of $100 per count under 18 U.S.C. § 3013; an assessment of $5,000 per count under 18 U.S.C. § 3014; an assessment, pursuant to 18 U.S.C. § 2259A, of not more than $35,000; and an order of restitution, including mandatory restitution under 18 U.S.C. § 2259 of not less than $3,000 per victim.

**E.      Elements of the Offenses**

*18 U.S.C. § 2251(a) – Sexual Exploitation of Children*

> *1.      An actual minor, that is, a real person who was less than 18 years old, was depicted;*

2

2.     The defendant employed, used, persuaded, induced, enticed, and coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction, e.g., video tape of the conduct;

3.     Either:
  a.     the defendant knew or had reason to know that the visual depiction, e.g., video tape, would be mailed or transported in interstate or foreign commerce; or
  b.     the visual depiction, e.g., video tape, was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer; or
  c.     the visual depiction, e.g., video tape, was mailed or actually transported in interstate or foreign commerce.

See 11th Cir. Pattern Jury Inst. No. O82 (2020).

18 U.S.C. § 2251(d)(1)(A) – Advertising Visual Depictions of Minors Engaging in Sexually Explicit Conduct

1.     The Defendant knowingly made, printed, or published, or caused to be made, printed, or published, a notice or advertisement seeking or offering;

2.     To receive, exchange, buy, produce, display, distribute, or reproduce any visual depiction involving the use of a minor engaged in sexually explicit conduct, and the visual depiction is of such conduct; or

3.     Participation in any act of sexually explicit conduct by or with any minor for the purpose of producing a visual depiction of such conduct; and

4.     The defendant knows or has reason to know the notice or advertisement would be transported using any means or facility of interstate or foreign commerce in or affecting interstate or foreign commerce by any means, including by computer or mailed; or

5.     Such notice or advertisement was transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer or mailed.

See 11th Cir. Pattern Jury Inst. No. O82.1 (2020).

18 U.S.C. § 2252A(a)(2) – Distribution of Child Pornography

1.     The Defendant knowingly distributed an item or items of child pornography;

3

2.     *The items of child pornography had been transported, shipped, mailed in interstate or foreign commerce, including by computer; and*

3.     *When the Defendant distributed the items, the Defendant believed the items contained child pornography.*

*See* 11th Cir. Pattern Jury Inst. No. O83.4A (2020).

## II.  INTRODUCTION

J. Patrick Lamb, Assistant United States Attorney, and Christine Freeman, attorney for the defendant, Rocky Shay Franklin, pursuant to Rule 11(c)(1)(A) and Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, with the authorization of the defendant, submit this plea agreement. The terms are as follows.

## III.  THE GOVERNMENT'S PROVISIONS

1.     Pursuant to Rule 11(c)(1)(A) and 11(c)(1)(C), the government agrees that a sentence of 40 years is the appropriate disposition of this case.

2.     The government acknowledges that the defendant assisted authorities in the investigation and prosecution of the defendant's own misconduct by timely notifying the government of the defendant's intention to enter a guilty plea, thereby permitting the government to avoid preparing for trial and allowing the government and the Court to allocate resources efficiently.  Provided the defendant otherwise qualifies, and that the defendant does not, before the date of the sentencing hearing, either personally or through the actions of the defense attorney on behalf of the defendant, take any action inconsistent with the acceptance of responsibility, the government will move at or before the sentencing hearing for a further reduction of one level.  See U.S.S.G. § 3E1.1(b).  Determination of whether the defendant met the defendant's obligations to qualify for a reduction pursuant to § 3E1.1(b) is at the sole discretion of the government.  Further,

4

the government reserves the right to oppose the defendant's receiving a two-level reduction pursuant to § 3E1.1(a) should the government receive information indicating that, between the date of the plea hearing and the date of the sentencing hearing, the defendant, either personally or through the actions of the defense attorney on behalf of the defendant, has acted inconsistent with the acceptance of responsibility.

     *3.*      Pursuant to Rule 11(c)(1)(A), the government agrees that it will, at the sentencing hearing, move to dismiss Counts 6, 7, and 8. The government further agrees that it will not bring any additional charges against the defendant for the conduct described in the *Superseding Indictment.*

     4.      The parties agree that the United States will request the Court to order the defendant to pay an assessment of not more than $50,000, $35,000, and $17,000 per relevant count of conviction pursuant to 18 U.S.C. § 2259A, and $5,000 pursuant to 18 U.S.C. § 3014 as determined by the Court at the time of sentencing. Any assessments imposed shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

     5.      The parties agree that the United States reserves the right to recommend a fine. Any fine imposed shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

### IV. THE DEFENDANT'S PROVISIONS

     6.      The defendant agrees to plead guilty to Counts 1 through 5 and to make factual admissions of guilt in open court. The defendant further agrees to waive any right the defendant may have to subsequently withdraw the guilty plea pursuant to Rule 11(d). The defendant also

promises to refrain from taking any action inconsistent with the defendant's acceptance of responsibility for the offense to which the defendant is pleading guilty.

7.     The defendant agrees to waive and hereby waives any right to request a downward variant sentence, that is, a sentence below the bottom, that is, the lowest number on the advisory Guidelines range, except as may be necessary to reach the agreed upon sentence of 40 years.

8.     The defendant understands that the defendant will be permitted to withdraw any guilty plea in the event that the Court does not accept any or all of the recommendations made pursuant to Rule 11(c)(1)(C).  The defendant also understands that the defendant will be allowed to withdraw the guilty plea in the event that the Court does not accept any or all of the provisions set forth pursuant to Rule 11(c)(1)(A).

9.     The defendant agrees not to commit any other federal, state, or local offense while awaiting sentencing, regardless of whether that offense is charged or chargeable.  The defendant agrees to provide truthful information to Probation and to the Court in all presentence and sentencing proceedings.

10.     The defendant agrees to restitution for all victims in Counts 6, 7, and 8.

11.     The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of the Court.  The defendant acknowledges that the full fine and restitution amounts shall be considered due and payable immediately.  If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of Probation at any time, the defendant agrees that the United States Bureau of Prisons and Probation will have the authority to establish payment schedules to ensure payment of the fine and restitution.  The defendant

further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off from federal payments, execution on non-exempt property, and any other means the government deems appropriate.  The defendant also agrees that the defendant may be contacted by government officials regarding the collection of any financial obligation imposed by the Court without notifying the defendant's attorney and outside the presence of the defendant's attorney.

12.     To facilitate the collection of financial obligations imposed in this case, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party.  Further, the defendant will, if requested by the government, promptly submit a completed financial statement to the Office of the United States Attorney for the Middle District of Alabama in a form the government provides and as the government directs.  The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful. The defendant expressly authorizes the government to obtain a report on the defendant's credit in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

13.     The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by this agreement or that may be imposed upon the defendant by the Court.  In addition, the defendant promises that the defendant will make no such transfers in the future.

14.     The defendant agrees that the $100 assessment fee per felony count of conviction is due on the date of sentencing.

15. The defendant agrees to waive and hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, but not limited to, any records that may be sought under the Freedom of Information Act, see 5 U.S.C. § 552, or the Privacy Act of 1974, see 5 U.S.C. § 552a.

16. Defendant agrees that any restitution ordered by the Court under 18 U.S.C. § 2259 shall include the defendant's total offense conduct. Defendant agrees and understands that any payment schedule imposed by the Court is without prejudice to the United States to take all actions and take all remedies available to it to collect the full amount of the restitution.

Defendant agrees that the restitution, restitution judgment, payment provisions, and collection actions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. Defendant further agrees that any restitution collected and/or distributed will survive him, notwithstanding the abatement of any underlying criminal conviction after execution of this agreement.

The restitution described above shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

The parties will jointly recommend that as a condition of probation or supervised release, the defendant will notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this plea agreement

8

until the fine or restitution is paid in full.

The parties will also jointly recommend that as a condition of probation or supervised release, the defendant will notify the Collections Unit, United States Attorney's Office, before the defendant transfers any interest in property owned directly or indirectly by the defendant, including any interest held or owned under any other name or entity, including trusts, partnerships and/or corporations.

## V. FORFEITURE OF ASSETS

17.     The defendant agrees to forfeit all rights, title, and interest in any and all visual depictions in 18 U.S.C. § 2252A, and in any book, magazine, periodical, film, videotape, computer, computer disk, or other matter which contains or contained any such visual depiction that was produced, transported, mailed, shipped, received or possessed in violation of that Section.

18.     The defendant agrees to forfeit all rights, title, and interest that he may possess in the following property referenced in the Superseding Indictment: an Apple iPhone 6, bearing IMEI number 355789073163791. No other assets have been identified at this time, however, if any other assets are identified, notice will be provided to the defendant and his counsel.

19.     The defendant also agrees to waive all constitutional, statutory, and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at the sentencing hearing, or incorporated into the judgment.

9

20.     The defendant admits and agrees that the conduct described in the factual basis section below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered.  In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

21.     The defendant agrees to take all steps necessary to assist the government in obtaining clear title to forfeitable assets before the defendant's sentencing.  In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.  To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years.  The defendant agrees to be interviewed by the government, prior to sentencing, regarding such assets and their connection to criminal conduct.  The defendant agrees that Rule 11 of the Federal Rules of Criminal Procedure and § 1B1.8 of the Sentencing Guidelines will not protect from forfeiture assets disclosed by the defendant as part of any cooperation provided by the defendant.

22.     The defendant agrees that the government is not limited to forfeiture of the property specifically identified for forfeiture in this plea agreement.  If the government determines that

property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the government shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The defendant expressly consents to the forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

23.     Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

24.     The defendant agrees that, in the event the Court determines that the defendant has breached this section of the plea agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, if applicable, and may be eligible for an obstruction of justice enhancement.

25.     The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors, and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

## VI.  FACTUAL BASIS

11

26.     The defendant admits the allegations charged in the Superseding Indictment and understands that the nature of the charges to which the plea is offered involves proof as to Counts 1–5.  Specifically, the defendant admits the following to be true and correct:

<u>Counts 1 and 2 – 18 U.S.C. § 2251(a) – Sexual Exploitation of a Child</u>

a.      In the summer of 2018, the defendant used, induced and/or enticed two actual minors less than 18 years of age to engage in sexually explicit conduct for the purpose of producing a visual depiction.  At the time, he knew that the visual depictions would be transported in interstate or foreign commerce and the image was actually transported in interstate and foreign commerce.

<u>Count 3  – 18 U.S.C. § 2251(d) – Advertising Child Pornography</u>

b.      The defendant created an account on Pornhub.com.

c.      From May 30, 2019, through October 11, 2019, the defendant uploaded multiple videos on Pornhub.com from various locations in Greenville, Alabama, and Montgomery, Alabama. The defendant knowingly and actively advertised, sold, and distributed these files to individuals using the Pornhub platform.   These files contained visual depictions of minors engaged in sexually explicit conduct.

d.      The defendant requested a monetary fee in return for the above distribution.

e.      Both the visual depictions and the advertisements were transported by means of interstate and foreign commerce affecting interstate and foreign commerce by computer.

<u>Counts 4 and 5 – 18 U.S.C. § 2252A(a)(2) – Distribution of Child Pornography</u>

f. The defendant actively traded and distributed other child abuse/exploitation materials through MEGA and Google links accounts.

g. On February 15, 2019, the defendant used Facebook Messenger to send videos of two actual minors engaged in sexually explicit conduct.

h. On October 11, 2019, the defendant sent Google and MEGA links to another individual. The defendant knew that the Google and MEGA links contained child pornography images and videos.

i. The defendant knowingly transported child pornography on May 11, 2019, by uploading child pornography files to his Google account. This distribution was by computer and affected interstate and foreign commerce.

## VII. THE DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

27. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the conviction or sentence, including any assessment, forfeiture, restitution order, length of term of supervised release and any condition of supervised release. The defendant further expressly waives the right to attack the conviction or sentence in any post-conviction proceeding, including proceedings pursuant to 28 U.S.C. § 2255. Exempt from this waiver is the right to appeal or collaterally attack the conviction or sentence on the grounds of ineffective assistance of counsel or prosecutorial misconduct.

28. In return for the above waiver by the defendant, the government does not waive its right to appeal any matter related to this case, as set forth at 18 U.S.C. § 3742(b). However, if

the government decides to exercise its right to appeal, the defendant is released from the appeal waiver and may pursue any appeal pursuant to 18 U.S.C. § 3742(a).

## VIII.  BREACH OF THE PLEA AGREEMENT

29.     The parties agree that the issue of whether either party has breached this agreement at any time is one that will be resolved by the Court by a preponderance of the evidence, except as set forth in paragraph 9.  The parties agree that, should either party obtain information causing the party to develop a good faith belief that the other party has breached this agreement, then the party will promptly file a written motion—or make an oral motion if doing so would be more expedient—asking that the Court declare the other party to be in breach of the plea agreement.

30.     The parties agree that, a breach of the plea agreement by the defendant would include, but not be limited to: (1) failing to fulfill each of the defendant's obligations under this plea agreement; (2) committing new criminal conduct; or (3) seeking to withdraw the guilty plea or otherwise engaging in conduct inconsistent with an acceptance of responsibility.  Should the Court find the defendant to have breached this agreement: (1) the government will be free from its obligations under this agreement; (2) the defendant will not be permitted to withdraw the guilty plea; (3) the defendant's obligations and waivers under this agreement will remain in full force and effect; (4) the defendant will be subject to prosecution for other crimes; and (5) the government will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements by the defendant and any information or materials provided by the defendant, including statements made during the plea hearing and all statements made by the defendant pursuant to proffer letters.

14

31.     The parties agree that, in the event that the defendant breaches this agreement by committing new criminal conduct, the government will be required to only establish probable cause to believe that the defendant committed a new criminal offense for the Court to find the defendant in breach of the plea agreement.

32.     The parties agree that, should the Court find the government in breach of this plea agreement, the defendant may cancel this agreement and thus be released from the appellate and collateral attack waivers.  The parties further agree that a breach of the plea agreement by the government will not automatically entitle the defendant to withdraw the guilty plea and, if the defendant should seek to withdraw the guilty plea on the basis of such a breach, then the defendant will be required to file a motion pursuant to Rule 11(d), which the government could oppose.

## IX.  THE DEFENDANT'S ACKNOWLEDGEMENTS

33.     The defendant acknowledges that the Court is neither a party to nor bound by this agreement.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the Court will determine the advisory Guidelines range and the sentence.  The defendant acknowledges that the defendant and the defendant's attorney have discussed the advisory Guidelines and the statutory sentencing factors set forth at 18 U.S.C. § 3553(a) and the defendant understands how those provisions may apply in this case.  The defendant further understands that the defendant will have no right to withdraw a guilty plea on the basis that the Court calculates an advisory Guidelines range that differs from the range projected by the defense attorney or the government.

34.     The defendant acknowledges that the defendant authorized and consented to the negotiations between the government and the attorney for the defendant that led to this agreement.

35.     The defendant understands that: (1) in pleading guilty, the defendant may be required to make statements under oath; and (2) the government has a right to use against the defendant, in a prosecution for perjury or for making a false statement, any statement that the defendant makes.  However, as the defendant understands, the government may not use as evidence against the defendant in any future proceeding involving the charges alleged in the *Indictment*, *Superseding Indictment*, or related offenses, the defendant's guilty plea if the Court permits the defendant to withdraw that guilty plea.

36.     The defendant understands that if the defendant pleads guilty pursuant to this agreement and the Court accepts that guilty plea, the defendant will waive certain rights, namely: (1) the right to plead not guilty or to persist in a plea of not guilty; (2) the right to a jury trial; (3) the right to be represented by counsel—and if necessary to have the Court appoint counsel— at trial and at every other stage of the proceeding; and (4) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

37.     Defendant knowingly and voluntarily waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

38.     The defendant understands: (1) the nature of each charge to which the defendant is pleading guilty; (2) the maximum and minimum possible penalties associated with each charge to which the defendant is pleading guilty, including imprisonment, fine, and a term of supervised release; (3) any applicable mandatory minimum penalty associated with a charge to which the defendant is pleading guilty; (4) any applicable forfeiture provision applicable to a charge to which the defendant is pleading guilty; (5) the Court's authority to order restitution; and (6) the Court's obligation to impose a special assessment.

39.     The defendant confirms that the entirety of any agreement between the defendant and the government is as set forth in this agreement and any addendum to this agreement and that the government has not made any promises to the defendant other than those contained in this agreement and any addendum to this agreement.  This agreement consists of 20 pages and 45 paragraphs and an addendum.

40.     The defendant confirms that counsel has competently and effectively represented the defendant throughout the proceedings leading to the entry of a guilty plea.  The defendant is satisfied with such representation.

41.     The defendant acknowledges that the defendant enters this plea agreement and pleads guilty freely and voluntarily.  That is, the defendant acts without being influenced by any threats, force, intimidation, or coercion of any kind.

42.     The defendant understands that this agreement binds only the Office of the United States Attorney for the Middle District of Alabama and that the agreement does not bind any other component of the United States Department of Justice, nor does it bind any state or local prosecuting authority.

43.    <u>Registration as a Sex Offender under the Sex Offender Registration and Notification Act</u>.
The defendant also understands that independent of supervised release, he will be subject to
federal and state sex offender registration requirements, and that those requirements may apply
throughout the defendant's life.  As a condition of supervised release, the defendant shall initially
register with the state sex offender registration, and shall also register with the state sex offender
registration agency in any state where the defendant resides, is employed, works, or is a student,
as directed by the Probation Office.  The defendant has been advised and understands that, under
the Sex Offender Registration and Notification Act, a federal law, the defendant must register
and keep the registration current in each of the following jurisdictions: the location of the
defendant's residence, the location of the defendant's employment, and, if the defendant is a
student, the location of the defendant's school and that those requirements may apply throughout
the defendant's life.  Registration will require that the defendant provide information that
includes name, residence address, and the names and addresses of any places at which the
defendant is or will be an employee or a student.  The defendant understands that he must update
his registrations no later than three business days after any change of name, residence,
employment, or student status.  The defendant shall provide proof of registration to the Probation
Office within 72 hours of release from imprisonment.  The defendant shall comply with
requirements to periodically verify in person the defendant's sex offender registration
information.  The defendant understands that he will be subject to possible federal and state
penalties for failure to comply with any such sex offender registration requirement.  Specifically,
under Title 18, United States Code, Section 2250, the defendant understands that failure to
comply with these obligations subjects the defendant to prosecution for failure to register, which

18

is punishable by a fine or imprisonment, or both.  The defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon the defendant's release from confinement following conviction.

## X. THE ATTORNEYS' ACKNOWLEDGEMENTS

44.     The attorneys for the government and for the defendant acknowledge that this plea agreement contains the entirety of any agreement between the parties and that the parties reached this plea agreement in accordance with the procedure set forth at Rule 11.

45.     The attorney for the defendant confirms that the attorney for the defendant advised the defendant of: (1) the nature of the charges to which the defendant is pleading guilty; (2) the penalties associated with those charges; (3) the rights that the defendant is waiving by pleading guilty; and (4) the possibility that statements made by the defendant under oath during a plea hearing may be used against the defendant in a subsequent prosecution for perjury or for making a false statement.

This __21st__ day of __July__, 2021.

Respectfully submitted,

SANDRA STEWART
ACTING UNITED STATES ATTORNEY

_____
Verne H. Speirs
Criminal Chief

_____
J. Patrick Lamb
Assistant United States Attorney

_____
Rocky Shay Franklin
Defendant

_____
Christine Freeman
Attorney for the Defendant

20