UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PLAINTIFF CV1 MOTHER, as Next Friend of and on behalf of PLAINTIFF CV1, a Minor Child,<br><br>    Plaintiffs,<br><br>    v.<br><br>ROCKY SHAY FRANKLIN, an individual; MINDGEEK S.A.R.L., a foreign entity; MG FREESITES, LTD, d/b/a "PORNHUB", a foreign entity; MG FREESITES II LTD, a foreign entity; MINDGEEK USA, INCORPORATED, a Delaware corporation; MINDGEEK CONTENT RT LIMITED, a foreign entity; 9219-1568 QUEBEC INC. d/b/a MINDGEEK, a foreign entity; MG BILLINGLTD, a foreign entity; MG CY HOLDINGS LTD, a foreign entity,<br><br>    Defendants. | Civil Action No. 2:22-cv-0605 |

**MOTION FOR LEAVE TO AMEND
PLEADINGS TO SUBSTITUTE PARTY PLAINTIFF**

Pursuant to Rule 17 of the *Federal Rules of Civil Procedure*, the Plaintiff moves this Honorable Court for leave to amend the Complaint to substitute CV1 as the party Plaintiff in place of CV1 Mother, in her representative capacity as next friend of CV1, as CV1 is now domiciled in the State of Alaska and is of the age of majority to prosecute this matter. In further support, the Plaintiff states as follows:

1. This civil action was filed on October 7, 2022, and at the time of filing, the victim CV1 was domiciled in the State of Alabama, and thus, a minor child for purposes of bringing the

action. As such, CV1 Mother instituted the present action in a representative capacity and as next friend of CV1.

2. This year, CV1 relocated from the State of Alabama to the State of Alaska, and the undersigned has since learned that CV1 has remained there since at least February or March of 2024. *See* Exhibits A and B, Affidavits of "CV1" and "CV1 Mother", respectively. Moreover, the undersigned has further learned that CV1 intends to reside within the State of Alaska indefinitely, with no intention of returning to the State of Alabama. See Ex. A, ¶3.

3. Domicile "requires residence in a state and an intention to remain there indefinitely." *Muhammed v. Rice*, 2018 WL 5084854 at *2 (N.D. Ala. Oct. 18, 2018) (citations omitted). Determination of a person's domicile requires consideration of a variety of objective facts, including:

> "Where civil and political rights are exercised, where taxes are paid, where real and personal property are located, where driver's and other licenses are obtained, where mail is received, where telephone numbers are maintained and listed, where bank accounts are maintained, where places of business or employment are located, and where memberships in local professional, civil, religious or social organizations are established."

*Id.* Importantly, "no one fact is given controlling weight, but rather, courts look to the totality of the circumstances." *Id.* at *2-3, citing *Slate v. Shell Oil Co.*, 444 F. Supp. 2d 1210, 1215 (S.D. Ala. 2006). The Court may consider a party's "subjective statements of intent" (although such statements are not solely dispositive), as well as certain presumptions in aiding the determination of a person's domicile, including that the person's current address is presumed to be their domicile unless controverted. *Id.*[1]

---

[1] The Supreme Court of Alaska's interpretation of "domicile" is similar, as domicile is established by an actual physical presence in the state coupled with a coincident intent to make the state one's permanent place of abode." *Perito v. Perito*, 756 P. 2d 895, 897 (Alaska 1988), *citing State v.*

4. CV1 is eighteen (18) years old;[2] has resided in Alaska since at least April 2024; he has obtained an Alaska driver's license; he maintains an Alaska resident address; he receives his mail in Alaska; he is employed in Alaska; and he subjectively intends to remain in Alaska indefinitely with no intention to return to Alabama. See Ex. A, ¶2-3; Ex. B, ¶3-4.

5. Fed. R. Civ. P. 17(b)(1) provides that an individual's capacity to sue is determined by the law of the individual's domicile. In Alaska, a person "is considered to have arrived at majority at the age of 18, and thereafter has control of the person's own actions and business and has all the rights and is subject to all the liabilities of citizens of full age, except as otherwise provided by statute." AK ST § 25.20.010 (2023).

6. Where a person has reached the age of majority in his place of domicile and there is no evidence he is incompetent, that person has the capacity to prosecute the action on his own behalf without a representative. *C.H. v. Pruett*, 2020 WL 10223320 at *1 (N.D. Ala. June 5, 2020) (analyzing similar circumstances).

7. Now domiciled in Alaska, CV1 is of the age of majority and competent to prosecute this matter as the party Plaintiff, thus necessitating the need for amendment of the Complaint and substitution of the party Plaintiff. *Id.; See* Ex. A, ¶1, 5; Ex. B, ¶2, 6. For the Court's consideration, we attach **Exhibit C**, which is a Proposed Second Amended Complaint, and **Exhibit D**, a Proposed Order.

8. Accordingly, the Plaintiff moves this Honorable Court for an Order permitting leave to amend the complaint and to substitute CV1 for CV1 Mother as the party Plaintiff. The Plaintiff has conferred with the MindGeek Defendants, and they do not object to the filing of this

---

*Adams*, 522 P. 2d 1125, 1131 (Alaska 1974). "[P]ermanent" means "the intent to remain indefinitely…" *Id.* at 899.
[2] CV1 will turn 19 in November 2024.

Motion, and no party will be prejudiced if the Court grants the present Motion. Moreover, granting the Motion will serve the interests of judicial economy, as the real party in interest will be included in this matter.

WHEREFORE, THE PREMISES CONSIDERED, the Plaintiff respectfully moves this Honorable Court for an Order Granting Leave for the Plaintiff to Amend the Complaint and the instant substitution of CV1 in the place of CV1 Mother as the party Plaintiff in this matter, as CV1 is the real party in interest, and providing for any further relief that the Court deems appropriate and just.

Respectfully submitted, this 19th day of July, 2024.

/s/ J. Parker Miller
J. PARKER MILLER (ASB-7363-H53M)
Attorneys for Plaintiffs

OF COUNSEL:

J. Parker Miller
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Overlook II
2839 Paces Ferry Road; Suite 400
Atlanta, GA 30339
800-898-2034
parker.miller@beasleyallen.com

Clay M. Phillips
Clay Phillips Law Firm LLC
341 Mendel Parkway East
Montgomery, AL 36117
334-277-8753
clay@clayphillipslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record via CM/ECF and/or electronic mail on this the 19th day of July 2024.

Anthony Penhale
Chief Legal Officer for Defendants
anthony.penhale@mindgeek.com

Sara Turner
Baker, Donelson, Bearman,
Caldwell & Berkowitz, PC
Shipt Tower
420 20th Street North
Suite 1400
Birmingham, Alabama 35203
(205)328-8007
smturner@bakerdonelson.com
**Attorney for Defendants MindGeek S.A.R.L., MG Freesites Ltd, MG Freesites II Ltd, MindGeek USA Incorporated, MG CY Holdings Ltd, MindGeek Content RT Limited, 9219-1568 Quebec Inc., and MG Billing Ltd**

Rocky Shay Franklin
FCI
3625 FCI Road
Marianna, FL 32446

/s/ J. Parker Miller
OF COUNSEL